## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAEL SEVERONI** | **CIVIL ACTION NO.** |
| | **DISTRICT JUDGE:** |
| **Plaintiff** | |
| **v.** | **MAGISTRATE:** |
| **AMERICAN AIRLINES, INC.** | |
| **Defendant** | **JURY DEMAND** |

### PLAINTIFF'S COMPLAINT

Plaintiff, GAEL SEVERONI, by his attorneys, Kreindler & Kreindler LLP and Burns Charest LLP, as and for his Complaint against Defendant, AMERICAN AIRLINES, INC., alleges the following upon information and belief:

### PARTIES

1.      Plaintiff, GAEL SEVERONI, is a resident of Takoma Park, Maryland.

2.      Defendant, AMERICAN AIRLINES, INC. ("AMERICAN"), is a Delaware corporation with its principal place of business located in Fort Worth, Texas.

3.      At all times mentioned herein, Defendant, AMERICAN, was and is a common carrier engaged in the business of transporting passengers for hire by air.

### JURISDICTION AND VENUE

4.      The subject matter jurisdiction of this Court is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

5.      The exercise of personal jurisdiction over AMERICAN in this action is authorized under La. Rev. Stat. Ann. § 13:3201(A)(3), (A)(4) and (B). AMERICAN regularly does business, solicits business, persistently conducts business, and/or derives revenue from flights and services it renders

to and from the state of Louisiana. Plaintiff GAEL SEVERONI was injured while flying on American Airlines flight 2891 from Ronald Reagan Washington National Airport (DCA) to Louis Armstrong New Orleans International Airport (MSY). Upon landing, Plaintiff was required to seek emergency medical treatment for his inflight injuries in New Orleans, Louisiana.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the subject flight landed at MSY in this district and GAEL SEVERONI sought and received medical treatment for his injuries in this district.

## COUNT 1 – NEGLIGENCE

7.      On August 9, 2023, Defendant, AMERICAN, operated and controlled a commercial aircraft, designated as American Airlines flight 2891, from Ronald Reagan Washington National Airport (DCA) in Arlington, Virginia to Louis Armstrong New Orleans International Airport (MSY) in New Orleans, Louisiana (the "subject flight").

8.      On August 9, 2023, Defendant, AMERICAN, owned, leased, operated, staffed, and/or otherwise controlled the airplane used for the subject flight.

9.      On August 9, 2023, Defendant, AMERICAN, employed a flight crew responsible for the safe and secure operation of the subject flight, including but not limited to the safety and well-being of its passengers.

10.     On August 9, 2023, Defendant, AMERICAN, was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety regulations, policies and protocols.

11.     On August 9, 2023, the flight crew had a duty to use weather and flight condition reporting along with weather radar to avoid areas of severe turbulence.

12.     On August 9, 2023, the flight crew had a duty to warn passengers of anticipated turbulence, to stop flight attendant servicing of the cabin, to seat the flight attendants, and to ensure

that passengers remained seated with seat buckles on to avoid injuries caused by turbulence.

13.    On August 9, 2023, Plaintiff, GAEL SEVERONI, was a fare-paying passenger lawfully aboard the subject flight.

14.    On August 9, 2023, the subject flight encountered severe turbulence while in flight.

15.    On August 9, 2023, the flight crew failed to seek alternate routing to avoid the aforesaid severe turbulence.

16.    On August 9, 2023, the flight crew failed to warn passengers aboard the subject aircraft of the impending severe turbulence before the airplane flew into the area of severe turbulence.

17.    On August 9, 2023, the severe turbulence seriously injured Plaintiff, GAEL SEVERONI.

18.    Plaintiff, GAEL SEVERONI, was seated in his assigned aisle seat, 26C, when the passenger seated in the middle seat asked him to stand up so the middle seat passenger could go to the lavatory. A flight attendant was also in the aisle picking up passengers' trash at this time.  That flight attendant did not instruct passengers to remain seated with seatbelts fastened and instead allowed passengers to move about the cabin.

19.    As soon as Plaintiff, GAEL SEVERONI, stepped into the aisle to let his fellow passenger out of the row, the subject flight encountered the aforesaid severe turbulence.

20.    The severe turbulence caused Plaintiff, GAEL SEVERONI, to fall to the ground.

21.    It wasn't until after Plaintiff, GAEL SEVERONI, had fallen and while he was still on the ground that the flight crew first announced the turbulence, instructing passengers to buckle their seatbelts.

22.    As a result of his fall caused by the severe turbulence, Plaintiff, GAEL SEVERONI, sustained serious personal injuries, including a spiral fracture of the distal fibula in his left ankle.

23.    The negligence, carelessness and recklessness of Defendant, AMERICAN, in failing

to avoid the aforesaid area of severe turbulence, caused Plaintiff, GAEL SEVERONI, to become injured.

24.     The negligence, carelessness and recklessness of Defendant, AMERICAN, in failing to properly warn passengers about the aforesaid severe turbulence, caused Plaintiff, GAEL SEVERONI, to become injured.

25.     The negligence, carelessness and recklessness of Defendant, AMERICAN, in failing to avoid the aforesaid area of severe turbulence, violated its obligations under the Federal Aviation Regulations.

26.     The negligence, carelessness and recklessness of Defendant, AMERICAN, in failing to properly warn passengers about the aforesaid severe turbulence, violated its obligations under the Federal Aviation Regulations.

27.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, was seriously injured.

28.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, was permanently injured.

29.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, experienced extreme pain and suffering.

30.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, will experience pain and suffering in the future.

31.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, suffered serious mental anguish.

32.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, will suffer mental anguish in the future.

33.     As a direct and proximate result of Defendant's negligence, carelessness and

recklessness, Plaintiff, GAEL SEVERONI, was forced to expend sums of money on medical care and treatment.

34.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, will be forced to expend sums of money on medical care and treatment in the future.

35.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, was deprived of his enjoyment of life, pursuits and interests.

36.     As a direct and proximate result of Defendant's negligence, carelessness and recklessness, Plaintiff, GAEL SEVERONI, will be deprived of his enjoyment of life, pursuits and interests in the future.

WHEREFORE, Plaintiff, GAEL SEVERONI, hereby demands a trial by jury and for a judgment to be entered against Defendant, AMERICAN AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

Dated: August 6, 2024                Respectfully submitted,

*/s/ H. Rick Yelton*

H. Rick Yelton (LA Bar No. 37363)
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana
Tel.: (504) 799-2845
Fax: (504) 881-1765
ryelton@burnscharest.com

Darren P. Nicholson *(pro hac vice forthcoming)*
Hannah M. Crowe *(pro hac vice forthcoming)*
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Tel.: (469) 904-4550
Fax: (469) 444-5002
dnicholson@burnscharest.com
hcrowe@burnscharest.com

Erin R. Applebaum *(pro hac vice forthcoming)*
485 Lexington Avenue
KREINDLER & KREINDLER LLP
New York, New York 10017
Tel. (212) 973-3430
eapplebaum@kreindler.com

**ATTORNEYS FOR PLAINTIFF**